UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEVI J. B.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:21-CV-5368-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in evaluating the medical opinion evidence or Plaintiff's subjective testimony. Thus, the Court affirms the ALJ's decision.

FACTUAL AND PROCEDURAL HISTORY

On June 13, 2016, Plaintiff filed an application for DIB, alleging in that application a disability onset date of December 3, 2015. *See* Dkt. 13; Administrative Record ("AR") 221–22. The application was denied upon initial administrative review and on reconsideration. *See* AR 143–44. A hearing was held before ALJ Malcolm Ross on February 13, 2018. *See* AR 86–125. In a decision dated May 29, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 12–35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff filed a complaint seeking review of the Commissioner's decision in this Court. AR 1118–20. On February 6, 2020, this Court issued a decision reversing and remanding the ALJ's decision on the basis that the ALJ failed to consider the side effects of Plaintiff's medications. AR 1125–41. The Appeals Council ordered that the case be remanded for a new hearing, which was held before the same ALJ on December 1, 2020. AR 1038–87, 1142–45. Following this hearing, the ALJ issued a second decision, again finding Plaintiff to be not disabled, on February 26, 2021. AR 1010–37. Plaintiff appeals anew.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating Plaintiff's subjective testimony; and (2) evaluating Plaintiff's severe impairments; (3) evaluating the medical opinion evidence; and (4) determining whether Plaintiff could perform other work in the national economy. Dkt. 18, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony.**

Plaintiff avers that the ALJ failed to give clear and convincing reasons for discounting his own testimony regarding the limitations caused by his symptoms. Dkt. 18, p. 4.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971), and *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)).

In this case, Plaintiff testified that he suffered severe damage to his right hand in an industrial accident, making it difficult to use and difficult to perform chores and personal care. AR 103, 107. Plaintiff also testified to experiencing overwhelming back pain. AR 104. Plaintiff testified that he tried to avoid driving due to the side effects of his pain medications, but that he was able to drive when necessary. AR 104, 109. Finally, Plaintiff testified to having issues with focus and concentration that were exacerbated by the side effects of pain medications. AR 118.

The ALJ's adverse credibility determination was based on (1) inconsistencies in Plaintiff's statements regarding the causes and effects of his hand injury; (2) largely normal findings in physical and mental status examinations; (3) conservative treatment of Plaintiff's physical and mental symptoms; and (4) Plaintiff's activities of daily living. AR 1020–25.

With respect to the ALJ's first reason, an ALJ may use "ordinary techniques of credibility evaluation," such as considering any inconsistent statement in a claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147–48 (9th Cir. 2001) (citing *Fair*, 885 F.2d at 604 n. 5 ("We see no reason why ordinary techniques of credibility evaluation should not be applied in SSA disability hearings. For example, if a claimant has a reputation as a liar, or has made prior statements inconsistent with his claim of pain, *or is found to have been less than candid in other aspects of his testimony*, that may be properly taken into account in determining whether or not his claim of disabling pain should be believed.") (emphasis added).

Here, the ALJ pointed to Plaintiff's inconsistent descriptions of the circumstances in which he injured his hand. AR 1020–21. The ALJ noted that Plaintiff had described being "left hanging from shelving and scaffolding when a ladder fell by his hand and thumb[,]" but that in earlier reports he indicated that he had injured his hand on a staircase handrail brace. *Id.* (citing AR 356, 389, 993, 1049, 1298). In addition, the ALJ noted that Plaintiff did not cease working after his injury, and that he was terminated not due to his injury or his filing of a worker's compensation claim but, rather, due to inappropriate comments and threats of violence toward his coworkers. AR 1021 (citing AR 1296–98).

In attacking this reasoning, Plaintiff asserts only that the allegedly inconsistent statement about injuring his thumb after being left hanging from scaffolding "was not the plaintiff's statement[,]" because the account appeared in a doctor's notes, not Plaintiff's testimony. Dkt. 18,

p. 5. This argument is without merit. The notes in question document Plaintiff's self-reporting, and the ALJ was not required to infer that these notes were a misquote or misrepresentation of Plaintiff's statements. *See* AR 993. To the extent, as Plaintiff argues, that "[t]he ALJ[']s decision insinuated that [Plaintiff] told different stories regarding the circumstances of how the work injury affecting his left hand actually happened," the ALJ enjoyed the support of substantial evidence in so concluding. *See* Dkt. 18, p. 5. Plaintiff's lone citation, to a different medical opinion recounting the details of the accident, is unavailing. Dkt. 18, p. 6 (citing AR 36). "The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and for resolving ambiguities. We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted). Such is the case here. Plaintiff does not show error in the ALJ's reliance on this reasoning.

With respect to the ALJ's second reason, although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). Here, the ALJ reviewed several physical examinations during the period at issue—prior to the date last insured of January 1, 2017—and found that Plaintiff's condition in these examinations did not support the degree of impairment later alleged. AR 1021. In a December 16, 2015 examination, shortly after his workplace injury, an x-ray of Plaintiff's left hand revealed no acute conditions requiring aggressive care, and Plaintiff's left thumb was treated with a splint, injection, and wrap. AR 357–58. In a June 2016 physical examination, Plaintiff was positive for signs of carpal tunnel and nerve damage on his

right side, but not his left; electrodiagnostic testing was inconclusive. AR 368. In September 2016, Plaintiff showed intact strength in "all intrinsic and extrinsic hand muscles" and "no joint instability on provocative testing," and apart from a diagnosis of osteoarthritis in the left thumb carpometacarpal joint, showed normal results. AR 389–93. The ALJ found that these exams did not support the degree of limitation Plaintiff alleged during the period at issue. As to psychological symptom complaints, the ALJ found that Plaintiff only sought treatment through counseling after the period at issue. AR 1022. On appeal, Plaintiff does not point to any other evidence that would undermine the ALJ's finding. *See* Dkt. 18, pp. 2–6.

In sum, the ALJ relied on an abundance of objective medical evidence to show that plaintiff's allegations regarding the severity of her impairments were contradicted by the medical evidence. The Court does not agree with all of the ALJ's reasons for discounting plaintiff's testimony, but the Court need not uphold all of an ALJ's reasons for discounting a claimant's testimony to affirm the ALJ's decision, so long as that decision enjoys the support of substantial evidence. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Such support was present here.

The ALJ's decision to reject plaintiff's subjective symptom testimony was supported by substantial evidence; thus, the ALJ did not err in rejecting this testimony.

**II. Whether the ALJ Erred in Evaluating Plaintiff's Severe and Non-Severe Impairments**

Plaintiff contends that the ALJ erred at steps two and three of the sequential evaluation by failing to properly consider the impacts of all of Plaintiff's impairments on his residual functional capacity ("RFC"). Dkt. 18, p. 6.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii).

An impairment is not considered "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

At step three, the ALJ determines whether the plaintiff has an impairment or combination of impairments that would be of a severity that meets or equals the criteria of the impairments listed in the Social Security Disability Regulations. *See* 20 C.F.R. §§ 404 subpt. P, app. 1, pts. A1–B2. If the plaintiff's impairment or combination of impairments meets the criteria of a listing, then the ALJ will find the claimant to be disabled; if not, the ALJ proceeds to step four (residual functional capacity). *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).

Here, Plaintiff asserts that the ALJ failed to consider the effects of his left thumb osteoarthritis and his psychological issues by finding them non-severe. Dkt. 18, p. 6.

ALJ Ross determined at step two that Plaintiff suffered from the following severe impairments: left thumb abnormalities; degenerative disc disease; obesity; adjustment disorder with depressed mood and anxiety; and alcohol use disorder. AR 1016. Regarding a purported failure to include additional impairments, the ALJ discussed Plaintiff's reports of concentration and mental health issues and their impact on plaintiff's RFC, finding Plaintiff "could perform work that was limited to short and simple tasks with routine, repetitive instructions and a reasoning level of two or less." AR 1019. The ALJ also found Plaintiff could not perform jobs that required driving; could only frequently handle with his left hand; and could have only

occasional exposure to hazards. *Id.*

Since the ALJ ultimately decided step two in plaintiff's favor, any error regarding these impairments is harmless. If the ALJ considers an impairment's effect on a claimant's ability to do work activities and includes those limitations in the RFC, the omission of the impairment from the step two evaluation is harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Furthermore, outside of medical evidence which the ALJ already addressed, Plaintiff does show how any alleged omission impacted his RFC – accordingly, he has failed to show error at step two. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Plaintiff also avers that because the ALJ found he could not perform work that required driving, the ALJ was required to find Plaintiff could not drive to work. Dkt. 18, p. 10. Whether Plaintiff could drive to work, however, was irrelevant to the ALJ's determination. The Social Security regulations do not take into account a claimant's ability to get to and from work. *See, e.g.*, 20 C.F.R. § 404.1566(c) ("We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of—(1) Your inability to get work; [or] (2) Lack of work in your local area."). Plaintiff has thus not established that the ALJ committed harmful error in failing to account for his ability to *drive to* work when the ALJ was required only to evaluate Plaintiff's ability to work. *See Ludwig*, 681 F.3d at 1054.

Plaintiff also asserts that the ALJ failed to consider all of his impairments in combination at step three, but his argument is conclusory and largely undeveloped. Plaintiff thus falls short of meeting his burden to show the ALJ harmfully erred. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates

to inform the discussion and raise the issues to the court. . . . We require contentions to be accompanied by reasons."); *see generally Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, No. 2020 WL 3605630 at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

**III. Whether the ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's evaluation of a medical opinion from Justin Taylor, M.D. Dkt. 18, p. 10.

Plaintiff argues the same issue as was previously litigated before this Court. *See* AR 1135–37. The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.*

Here, Plaintiff does not present any new evidence or point to any changes in controlling law. As this Court held,

> The ALJ found that most of Dr. Taylor's opinion was supported by his clinical findings and the medical record, but that there was insufficient evidence to support restricting all lifting of the left, a limitation in fingering, or a limitation beyond frequent handling with the upper extremity. AR 26. The ALJ reasoned that Dr. Taylor's opinion regarding these limitations was inconsistent with the results of his own examination, during which Plaintiff demonstrated good left hand functioning, was able to remove his sandals and arm brace without difficulty, had intact grip strength, could touch his fingertips to his thumbs, and was able to pick up a paperclip from a flat surface. AR 26, 379–81. A finding that a medical opinion contains internal inconsistencies can serve as a specific,

legitimate reason for discounting it. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). Accordingly, the ALJ did not err in evaluating Dr. Taylor's opinion. AR 1136–37.

Plaintiff has pointed to no new evidence or regulatory changes that would affect this previous determination, nor does Plaintiff present any argument that applying the law of the case here would be unjust. Thus, the Court holds, again, that the ALJ did not err in evaluating Dr. Taylor's medical opinion. *See Stacy*, 825 F.3d at 567.

**IV. Whether the ALJ Erred at Step Five**

Plaintiff avers that the ALJ erred at step five of the sequential evaluation process by failing to account for all of Plaintiff's alleged limitations and by finding Plaintiff could perform work for which jobs did not exist in significant numbers in the national economy. Dkt. 18, pp. 11–14.

At step five, the Commissioner has the burden to identify jobs that exist in significant numbers that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). One of the ways the Commissioner can satisfy this burden is with the testimony of a vocational expert. 20 C.F.R. § 404.1566; *Tackett*, 180 F.3d at 1098–99. Here, the ALJ asked the vocational expert whether a person with Plaintiff's age, education, work history, and RFC could perform any jobs. AR 1065–67. The vocational expert testified that such person could perform representative occupations such as Hospital Cleaner (81,000 jobs available in the national economy); Router (315,900 jobs available in the national economy); and Office Helper (105,400 jobs available in the national economy). AR 1066–68.

The ALJ's RFC finding and vocational hypothetical presented to the vocational expert

properly accounted for all of Plaintiff's limitations that the ALJ found credible. Plaintiff bases his contentions to the contrary on his arguments regarding the ALJ's evaluation of the opinion evidence and his subjective allegations. A claimant does not establish that an ALJ's step four and step-five determination is incorrect by simply restating his arguments that the ALJ improperly discounted the medical and testimonial evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Given the ALJ's RFC finding and vocational hypothetical question reflected a proper clarification of Plaintiff's limitations, as demonstrated above, Plaintiff does not show error.

    Plaintiff also asserts that the job numbers stated by the vocational expert were not valid because the jobs identified were for a category of jobs and not a specific job. Dkt. 18, pp. 12–15. However, after questioning from Plaintiff's attorney and the ALJ, the vocational expert testified that the number of jobs she identified after considering the vocational hypothetical had already been reduced to consider the specific limitations noted by the ALJ. AR 7073–74. For example, the vocational expert testified that the Hospital Cleaner position/category had 926,900 positions available in the national economy. AR 1073–74. However, after considering the limitations identified in the vocational hypothetical, those numbers were reduced to 81,000 positions in the national economy. AR 1073–77, 1080, 1084. The vocational expert testified that she "used [her] experience, education, and training . . . and the occupational requirements survey to reduce positions consistent with the hypothetical for total job numbers . . . so – yes, so those [jobs] have all been outlined and reduced by the occupational requirements survey." AR 1070. Plaintiff's argument that the jobs number identified by the vocational expert were for a category of jobs and not a specific job is without merit.

    A vocational expert's "recognized expertise provides the necessary foundation for his or

her testimony," so "no additional foundation is required." *Bayliss*, 427 F.3d at 1218. This comports with the longstanding rule that the "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Substantial evidence is simply "more than a mere scintilla"; it "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). Additionally, "[g]iven its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020).

Plaintiff does not show harmful error in the ALJ's evaluation of his ability to perform other jobs during the relevant period at step five.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 2nd day of February, 2022.

David W. Christel
United States Magistrate Judge